# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JOSE DUPREE, JR., | | 1:10-cv-02409-LJO-DLB (HC) |
| | Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| | v. | |
| UNITED STATES POSTAL SERVICE, et.al., | | [Doc. 1] |
| | Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 22, 2010. Petitioner contends that the United States Postal Service has refused to deliver certain legal documents to the California Court of Appeal, Second Appellate District, in Los Angeles, California.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §

1  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
2  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
3  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
4  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
5  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
6  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
7  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
8         In this case, Petitioner contends that the United States Postal Service has refused to
9  deliver his legal mail to the California Court of Appeal in Los Angeles, California.  It appears
10 Petitioner is seeking release from prison and monetary damages for the alleged misconduct.  As
11 Petitioner acknowledges he is challenging the conditions of his confinement, not the fact or
12 duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this
13 petition must be dismissed.  Should Petitioner wish to pursue his claims, he must do so by way of
14 a civil rights complaint pursuant to 42 U.S.C. § 1983.

15                                    RECOMMENDATION

16       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
17 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
18 corpus relief.
19       This Findings and Recommendation is submitted to the assigned United States District
20 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
21 Local Rules of Practice for the United States District Court, Eastern District of California.
22 Within thirty (30) days after being served with a copy, any party may file written objections with
23 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
25 ///
26 ///
27 ///
28 ///

and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:**   **January 27, 2011**                     **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE